STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

*In re*: T.E., A.H., and J.H.

No. 16-0333 (Nicholas County 15-JA-79, 15-JA-80, 15-JA-81)

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.S., by counsel John C. Anderson II, appeals the Circuit Court of Nicholas County's February 18, 2016, order terminating her parental rights to thirteen-year-old T.E., eight-year-old A.H., and six-year-old J.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Cammie L. Chapman, filed a response on behalf of the children also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in finding that she could not correct the conditions of abuse and neglect and in permitting T.E. to be present at the dispositional hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2015, the DHHR filed an abuse and neglect petition against petitioner. In its petition, the DHHR alleged that petitioner continued to expose her children to J.A. after petitioner's oldest child, T.E., alleged that he sexually abused her.[2] Further, the DHHR noted that petitioner's continued contact with J.A. violated the Family Court of Nicholas County's no-contact order, entered in June of 2015, which prohibited petitioner's contact with J.A.

In September of 2015, the DHHR filed an amended abuse and neglect petition. In addition to the prior allegations, the DHHR further alleged that petitioner (1) allowed J.A. to reside in her home in September of 2015, after taking steps to dismiss a protective order she had previously filed against him; (2) failed to meet the children after school on multiple days in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The record on appeal is unclear as to what relation, if any, J.A. had to the children and their mother. It appears that J.A. may have been the mother's live-in boyfriend.

August and September of 2015; and (3) refused to participate in services since the filing of the original abuse and neglect petition.

Later that month, the circuit court held a preliminary hearing for which petitioner failed to appear. At the conclusion of that hearing, the circuit court ordered the DHHR to maintain temporary custody of the children pending further proceedings. Petitioner appeared for the subsequent adjudicatory hearing, and, at that time, she voluntarily stipulated to the abuse and neglect of her children. Petitioner admitted that she exposed her children to J.A. after being aware of T.E.'s allegations that he sexually abused her and after the family court entered its no-contact order.

In November of 2015, the circuit court held a dispositional hearing. At that hearing, the circuit court heard testimony from the Child Protective Services ("CPS") worker, psychologist Timothy Saar, a DHHR service provider, and T.E. The circuit court also heard testimony from petitioner, who claimed to be willing to submit to services to reunify with her children. Petitioner further testified that she had previously used marijuana, but that she had recently tested negative for that drug. Based on the evidence presented, the circuit court found that petitioner was unable to provide for her children's needs and unwilling to correct the conditions of abuse and neglect. The circuit court further found that petitioner was offered services by the DHHR, but petitioner was unsuccessful in completing those services. The circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that the children required continuity. For those reasons, the circuit court terminated petitioner's parental rights to the children. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a

record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner first assigns error to the circuit court's finding that petitioner could not correct the conditions of abuse and neglect. West Virginia Code § 49-4-604(6) provides that circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare.

In support of her argument, petitioner contends that the circuit court erred in finding that she could not correct the underlying abuse and neglect when she testified at the dispositional hearing that she was willing to submit to services and had quit using marijuana. Contrary to petitioner's assertions, evidence clearly showed that petitioner was offered services as early as August of 2015 and she refused the same. The evidence simply does not support petitioner's claims on appeal. Petitioner cites no portion of the record to support her self-serving statements that she was willing and able to substantially correct the condition of abuse and neglect in the near future. To the contrary, the clear indication in the record on appeal is that petitioner refused to comply with services and demonstrated little, if any, improvement in her ability to parent these children. As such, we find no error in the circuit court's dispositional finding that petitioner could not substantially correct the underlying conditions of abuse and neglect in the near future.

Petitioner's second assignment of error is that the circuit court erred in allowing T.E. to be present during the dispositional hearing. In a four-sentence argument, petitioner challenges the presence of T.E. in the courtroom during the dispositional hearing. However, in his skeletal argument, petitioner fails to cite either the record on appeal or any legal authority to support factual and legal claims. It is also unclear from petitioner's argument whether she even objected to T.E.'s presence. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that a petitioner's

> brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, Chief Justice Menis E. Ketchum specifically noted that "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's argument is inadequate and fails to comply with the West Virginia Rules of Appellate Procedure or this Court's administrative order. Thus, for those reasons, we decline to address petitioner's second assignment of error as it was not properly developed on appeal.

For the foregoing reasons, we hereby affirm the circuit court's February 18, 2016, order.

Affirmed.

**ISSUED**: November 14, 2016


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II